IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 09-150 |
| | : | |
| MAHLI GRAY | : | |

## MEMORANDUM

**Juan R. Sánchez, C.J.**                                                        **November 20, 2020**

Pro se Defendant Mahli Gray, who is currently serving a 210-month term of incarceration, moves for immediate release to home confinement or to be released on bond. Gray asserts a number of reasons for his release, including the ongoing coronavirus disease 2019 (COVID-19) pandemic. He also states he should be released due to his pending 28 U.S.C. § 2255 motion which is stayed pending a relevant decision from the Supreme Court. The Government opposes Gray's motion, citing his failure to satisfy the exhaustion requirement in the compassionate release statute 18 U.S.C. § 3582(c)(1)(A). Because the Court construes Gray's motion as a motion for compassionate release and he has not exhausted his administrative remedies, the Court will deny his motion without prejudice. Insofar as Gray requests release to home confinement, the Court will also deny his motion because the Court is without authority to grant such relief.

**BACKGROUND**

On August 6, 2010, Gray was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). On June 10, 2011, the Court sentenced Gray to 210 months' imprisonment. Gray is serving his sentence at Federal Correctional Institution (FCI) McDowell. His anticipated release date is April 26, 2025.

This year, much has changed. Due to COVID-19, a novel and highly contagious respiratory virus, the United States (and the world) has confronted a rapidly changing public health crisis that

has reached the scale of a global pandemic. Due to the pandemic, Gray filed the instant motion for home confinement "and/or bond pending the Supreme Court's decision in *Borden v. United States*." Def.'s Mot. 1, June 3, 2020, ECF No. 109. He seeks two forms of relief: (1) a reduction of his sentence to time served or (2) his immediate release to home confinement. *See* Def.'s Letter, July 24, 2020, ECF No. 110. Although Gray does not state the basis of his motion, due to his requested relief, the Court construes Gray's motion as one for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Government does not address the merits of Gray's motion including whether he has asserted extraordinary and compelling circumstances warranting his relief. Instead, the Government argues he has not exhausted his administrative remedies by requesting compassionate release from the warden at FCI McDowell or the Bureau of Prisons (BOP) and, alternatively, the Court is without authority to grant Gray release to home confinement.

**DISCUSSION**

Because Gray has not exhausted his administrative remedies, the Court will deny his motion without prejudice. Gray may refile his motion after he satisfies the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A). And to the extent Gray seeks release to home confinement, the Court is without the authority to grant such relief. His motion will thus be denied on this basis as well.

The Court may grant a sentence reduction if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that reduction is consistent with applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(1)(A). Before consideration of such a request, however, the defendant must exhaust the administrative remedies available to him. Specifically, 18 U.S.C. § 3582(c)(i)(A) states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Therefore, the Court may only modify a term of imprisonment upon motion of the defendant after the defendant exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf or requested compassionate release from the warden and waited 30 days for a response.

Section 3582(c)(1)(A)'s exhaustion requirement is not waivable. *See United States v. Raia*, 954 F.3d 594 (3d Cir. 2020). The Third Circuit has stated that failure to wait 30 days to allow the BOP to consider the defendant's request "presents a glaring roadblock foreclosing compassionate release." *Id*. at 597. The Third Circuit has also instructed that the strict compliance to the exhaustion requirement should not be relaxed in light of the COVID-19 pandemic. *See id*.

Gray has made no showing that he requested compassionate release from the warden or appealed the BOP's failure to bring a motion for compassionate release on his behalf. The Court does not treat lightly the risks COVID-19 poses to the health of prison inmates; however, Gray has failed to make the threshold step of requesting compassionate release from the warden of FCI McDowell or exhausting the administrative appeals of the BOP's failure to bring a motion on his behalf. Because the Court must strictly comply with the exhaustion requirement, Gray's motion will be denied. *See United States v. Wilson*, No. 14-209-1, 2020 WL 1975082, at *4 (E.D. Pa. Apr. 24, 2020) (denying compassionate release motion for failure to exhaust administrative remedies by requesting compassionate release from warden or BOP).

The Court also notes it is without authority to address Gray's request for release to home confinement. *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."); *see also United*

*States v. Powell*, No. 15-496-4, 2020 WL 2848190, at \*2 n.5 (E.D. Pa. June 2, 2020) ("[T]o the extent that [the defendant] seeks to appeal the prison's denial of home confinement, such decision is not reviewable by this Court." (internal citation omitted)). As a result, Gray's motion for release to home confinement will also be denied.

**CONCLUSION**

In sum, in the absence of a request to the BOP or the warden of FCI McDowell for compassionate release, Gray has not exhausted administrative remedies as statutorily required before seeking compassionate release by the Court. Until he directs his request to the BOP or warden at FCI McDowell and waits 30 days, the Court must deny the motion without prejudice. Gray may renew his motion after satisfying the exhaustion requirement in § 3582(c)(1)(A).

An appropriate order follows.

BY THE COURT:

 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.